IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL PORTUGAL,

   Plaintiff,      No. CIV S-09-0231 KJM P

  vs.

M.D. MCDONALD,      ORDER AND

   Defendant.     FINDINGS & RECOMMENDATIONS

_____/

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be

1

1  collected and forwarded by the appropriate agency to the Clerk of the Court each time the
2  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).

4  　　　　　The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
8  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9  U.S.C. § 1915A(b)(1),(2).

10  　　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in
11  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
12  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.
14  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
15  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
16  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17  　　　　　When considering whether a complaint states a claim upon which relief can be
18  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
19  (2007), and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v.
20  Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than
21  those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive
22  dismissal for failure to state a claim, a pro se complaint must contain more than "naked
23  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
24  action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,
25  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
26  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

claim upon which the court can grant relief must have facial plausibility. <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949.

      Plaintiff was housed at High Desert State Prison (HDSP) when he filed his complaint. The complaint avers that unconstitutional conditions of confinement at HDSP warrant his transfer to another facility. The complaint demands only an injunctive order of transfer as relief; there is no demand for damages. However, the record shows that since he filed his complaint, the California Department of Corrections and Rehabilitation (CDCR) has transferred plaintiff to the state prison in Tehachapi, California. <u>See</u> Notice of Change of Address, entered January 19, 2010.

      Generally, when a prisoner complains of unconstitutional conditions of confinement and is transferred to another facility, a claim for injunctive relief from those conditions becomes moot. <u>See</u> <u>Brady v. Smith</u>, 656 F.2d 466, 468 (9th Cir. 1981); <u>Darring v. Kinchoe</u>, 783 F.2d 874, 876 (9th Cir. 1986); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1990). A plaintiff may avoid a finding of mootness if he can demonstrate a reasonable expectation of returning to the facility where the allegedly unconstitutional conditions persist. <u>Darring</u>, 783 F.2d at 876. Plaintiff has made no such showing since he was transferred to the prison in Tehachapi. His complaint is therefore moot.

      Accordingly, IT IS HEREBY ORDERED that the Clerk of Court assign this action to a District Judge.

      IT IS HEREBY RECOMMENDED that this action be dismissed as moot.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within fourteen days after service of the objections.  The parties are
3  advised that failure to file objections within the specified time may waive the right to appeal the
4  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED:  July 2, 2010.

_____
U.S. MAGISTRATE JUDGE